Dear Representative Rothman:
This opinion is in response to your question asking:
 "Whether a Magistrate Judge who is past the age of 65 and is not reelected to office could elect not to receive Judicial retirement benefits and practice law for a year or two and then begin receiving retirement benefits, or would such individual waive all retirement benefits and not be permitted to begin drawing them at a future time if he engaged in the private practice of law."
We assume that such person has not requested a refund of retirement contributions and waived his retirement rights under Section476.540, V.A.M.S.
In our Opinion No. 419-1971, to Vaughn, this office concluded that, under the retirement system provided for in Sections 476.515
to 476.570, V.A.M.S., a judge who had served twelve years but who was not yet 65 years of age could resign as a judge and practice law until he is 65 years of age and then cease the practice of law and draw his retirement benefits. Opinion 419-1971 was withdrawn for reasons not relevant here.
That opinion is quite lengthy and deals with matters which would not be pertinent here. We believe it would not be appropriate to distribute the opinion, however, in it we stated as follows:
 "Your second question asks whether a judge who served twelve years but was not yet sixty-five years of age could resign as judge, practice private law until he was sixty-five years of age and then stop practicing law and draw his retirement benefits.
 "Under Section 11 the person who receives such retirement compensation is barred from practicing law after retirement. Section 2 requires that a judge be sixty-five years of age or over to be eligible for retirement and this is true even if the retirement benefits are prorated under the provisions of Section 7. Under Section 6 a person ceasing to hold office as a judge for any reason other than death or retirement may make written application to the comptroller for a refund of his contributions. Of course, under Section 1(4) benefits in excess of contributions made to the system by a judge are considered part of the judge's compensation for services rendered. In the premises we find nothing that prohibits such a judge from leaving his judicial office and practicing law and thereafter retiring from the practice of law at the age of sixty-five and receiving judicial retirement benefits. The answer to your second question is therefore yes, that such a person may serve twelve years, or for that matter, less, if his compensation is to be on a pro rata basis under Section 7 of the Act, leave the judicial service, practice law until he reaches sixty-five and thereupon if otherwise eligible draw judicial retirement benefits. Obviously after he draws the benefits having retired under the Act, he cannot practice law."
We then concluded:
 "A judge who served twelve years but is not sixty-five years of age may resign as judge, practice law until he is sixty-five years of age and then cease the private practice of law and draw his retirement benefits;"
The provision which we considered at that time and which is still applicable is Section 476.565, V.A.M.S., which provides:
 "Any person who receives retirement compensation under the provisions of sections 476.515 to 476.570 shall not engage in the practice of law or do law business at any time after his retirement."
Your question differs only in the respect that the magistrate judge is over the age of 65 at the time that he leaves office because of the fact that he was not reelected. We believe our 1971 opinion would be applicable to such a judge and that a judge who is over 65 years of age when he leaves the bench because of non-reelection to the office may practice law although he clearly could not practice law and receive retirement benefits at the same time. It is our view that he may receive such retirement benefits, if otherwise eligible, at the time he ceases the practice of law and requests such benefits.
CONCLUSION
It is the opinion of this office that a person who is otherwise eligible and has not waived his retirement benefits under the judicial retirement provisions of Sections 476.515 to 476.570, V.A.M.S., who no longer serves as a judge may elect not to receive retirement benefits, may practice law and if otherwise eligible, may elect to receive his retirement benefits after he ceases the practice of law.
The foregoing opinion which I hereby approve was prepared by my assistant, John C. Klaffenbach.
Very truly yours,
 JOHN ASHCROFT Attorney General